**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR RAMOS FENEQUE,<br><br>               Plaintiff,<br><br>               v.<br><br>A. ROMPEI *et al.*,<br><br>               Defendants. | Civil Action No. 23-1691 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on pro se Plaintiff Nestor Ramos Feneque's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915 (the "IFP Application"). (ECF No. 1-1.) After review of the IFP Application, the Court grants Plaintiff IFP status. The Court now screens Plaintiff's Complaint, (ECF No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice in its entirety.

**I.    BACKGROUND**

      The suit arises from a routine traffic stop. Plaintiff alleges that Defendants A. Rompei, P. Septer, D. Muraglia, B. Quirk, K. Feigley, and R. Murray (collectively, "Defendants") engaged in an improper traffic stop violating Plaintiff's Fourth Amendment rights. According to Plaintiff, on November 22, 2022, Defendants pulled him over for a routine traffic stop and requested "a consent search without articulable suspicion that the search [would] yield evidence of illegal activity."

(Compl. *6, *7, *9, *11, ECF No. 1.)[1] Plaintiff alleges that the "reason for the request [to] search [the] car was because the officers said [he] looked nervous." (*Id.* at *14.) The Court now reviews the IFP Application and *sua sponte* screens the Complaint.

II. **LEGAL STANDARD**

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must

---

[1] Page numbers preceded by an asterisk reflect the page numbers atop the ECF header.

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### III.   DISCUSSION

In support of the IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl., ECF No. 1-1.) The IFP Application is complete and indicates that Plaintiff is incarcerated and does not receive any monthly income. (*Id.* at 2.) Plaintiff has no other sources of income or assets. (*Id.* at 2-3.) Plaintiff additionally includes an account statement with his application. (*Id.* at *4-9.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to the statute, the Court screens the Complaint to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g., Higgs v.*

*Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."). That said, while pro se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Construing the Complaint liberally, Plaintiff appears to raise a federal claim under 18 U.S.C. § 1983. Upon review of the Complaint, the alleged facts do not sufficiently state a Fourth Amendment claim. *First*, to the extent Plaintiff is challenging Defendants' request to search his vehicle, this is not a Fourth Amendment violation. It is well-settled that the Fourth Amendment protects suspects from unreasonable searches. U.S. Const. Amend. IV. A search conducted pursuant to consent from the suspect, however, is an established exception. *United States v. Williams*, 898 F.3d 323, 329 (3d Cir. 2018) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The Court, therefore, dismisses any claim premised on Plaintiff's consent to search his vehicle.

To the extent Plaintiff is challenging Defendants' initial stop of his vehicle, he does not allege sufficient facts to state a claim. An automobile stop must not be unreasonable under the circumstances, and "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Here, Plaintiff does not plead any facts related to why Defendants pulled him over. (*See* Compl. *6, *7, *9, *11 (construing the stop as a "routine traffic stop" and alleging no additional facts related to his or Defendants' conduct prior to the stop).) The Court is, therefore, unable to discern if the traffic stop was unreasonable under the circumstances. The Court, accordingly, dismisses any claim related to the stop of the vehicle.

IV. **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's IFP Application. The Court *sua sponte* dismisses the Complaint. The Court will issue an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE